IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Dakota                                    Case No. 3:12 CV 2110
dba The Lima Gay Community Center,
                                                  MEMORANDUM OPINION
                        Plaintiff,                AND ORDER

            -vs-                                  JUDGE JACK ZOUHARY

William Brown, et al.,

                        Defendants.

### INTRODUCTION

*Pro se* Plaintiff William Dakota, dba the Lima Gay Community Center, filed this action under 18 U.S.C. §§ 241 and 242 against Lima Building Inspector William Brown, Lima Mayor David Berger, Lima Assistant Law Director David Geiger, Lima Law Director Anthony Geiger, Allen County Treasurer James Link, and Allen County Sheriff Samuel Crish.[1]  Plaintiff claims to be the rightful owner of property that was the subject of a foreclosure action.  He asks this Court to enjoin the execution of the state court foreclosure judgment and vacate the sale of the property at sheriff's auction.

Defendants filed a Motion to Dismiss (Doc. 6), which Plaintiff opposes (Doc. 9).  Plaintiff also filed a Motion for Reconsideration to Reverse and Dismiss Foreclosure of Defendant's Property at 136 East High Street, Lima and the Demolition Order (Doc. 10).

---

[1]  Plaintiff identifies Brown, Berger, David Geiger and Anthony Geiger as Allen County officials. They, however, appear to be employees of the City of Lima.

## BACKGROUND

The Complaint (Doc. 1) is very brief and contains few factual allegations. Most of the information supporting this action is contained in exhibits of record.

The American Veterans of World War II, Korea and Vietnam ("AMVETS") Post Number One in Lima, Ohio owned real property located at 136 East High Street, Lima, Ohio which was subject to a mortgage held by Huntington National Bank. AMVETS apparently defaulted on its mortgage obligation and Huntington Bank filed a foreclosure action against AMVETS in the Allen County Court of Common Pleas on May 21, 2008. *See Huntington Nat'l Bank v. AMVETS Post Number One Lima Ohio*, No. CV 2008 0741 (Allen Cnty. Ct. C.P.). The Allen County Treasurer was a party to the foreclosure action and filed a cross claim against AMVETS for unpaid property taxes. The court granted a judgment of foreclosure in favor of Huntington Bank and the Allen County Treasurer on August 15, 2008 and issued an Order of Sale. That Order of Sale was returned unexecuted.

Plaintiff alleges AMVETS transferred the High Street property to the Lima Gay Community Center (which Plaintiff claims to own and operate) on September 18, 2008, after the foreclosure judgment was entered (Doc. 9-1 at 6). A document purporting to be a General Warranty Deed was prepared by Plaintiff and signed by Plaintiff and AMVETS Commander Deborah Hanlin on January 23, 2009 (Doc. 9-1 at 6). This document does not appear to have been filed with the Allen County Recorder's Office. A second General Warranty Deed was prepared by an attorney and signed by Hanlin on September 28, 2009 to amend the prior document (Doc. 9-1 at 5). This deed was not filed with the Allen County Recorder's Office until March 26, 2010 (Doc. 1 at 15). Plaintiff attempted to stop the execution of the foreclosure judgment by filing a Motion to Stay the Order of

2

Foreclosure.  Because the deed was filed on a property for which a judgment of foreclosure had been entered, the Treasurer argued the deed was void.  The state court denied Plaintiff's Motion and on July 8, 2009, ordered the property to be sold at sheriff's sale.

AMVETS filed for bankruptcy on July 16, 2009, which stayed the foreclosure action. Plaintiff contends the delinquent property taxes owed to Allen County were discharged in the bankruptcy and the judgment of foreclosure was therefore rendered moot.

While the bankruptcy was pending, Plaintiff filed another Motion to Stay the Foreclosure and Motion for Summary Judgment on September 27, 2010.  Once the bankruptcy stay was lifted on December 3, 2010, the state court resumed proceedings to execute the judgment.  Common Pleas Judge Jeffrey Reed denied Plaintiff's Motions on January 18, 2011, noting Plaintiff was not a party to the foreclosure action because he had never been named as a party and was never properly joined or substituted as a party.  The court issued an Order of Sale on May 25, 2012.  The property was sold at sheriff's sale in July 2012 to the City of Lima.  The court issued a judgment entry confirming the sale on August 8, 2012.  Thereafter, the City announced its intention to demolish the building.

Plaintiff next filed a civil action in the Allen County Court of Common Pleas on May 1, 2012 against Brown, David Geiger, Berger and Richard Morrisey, the Chairman of the Building Appeals Board, asking that court to stay the enforcement of the foreclosure judgment and the demolition of the building.  *See Dakota v. Brown*, No. CV 2012 0347 (Allen Cnty. Ct. C.P.).  Plaintiff also filed a Motion for a Court Order to Void the Foreclosure.  Common Pleas Court Judge Richard Warren denied Plaintiff's Motion on July 24, 2012 noting Judge Reed's Order of January 18, 2011.  Judge Warren found he could not void the order of foreclosure issued in another civil action before another judge.  Six days after Judge Warren denied Plaintiff's first Motion seeking to void the foreclosure, Plaintiff filed a Motion for Rehearing on the foreclosure.  He followed that with an Emergency

3

Motion to Void Foreclosure and Sheriff's Auction because of Fraudulent Claims by the City Attorney, which he filed on August 14, 2012.  The court dismissed the action on August 20, 2012.

Plaintiff filed this federal court action on August 16, 2012.  He argues the property was transferred to him by AMVETS in September 2008, but that he was not served with a copy of the Foreclosure Complaint.  He contends the foreclosure and the sheriff's auction were illegal and asks this Court to reverse those state court orders, and permanently enjoin Defendants from proceeding with the demolition.  He contends it is illegal to transfer property without due process and cites 18 U.S.C. §§ 241 and 242 as the legal basis for this action.

Defendants filed a Motion to Dismiss (Doc. 6) on September 6, 2012.  They argue the Complaint is simply a string of rambling factual assertions and irrelevant legal citations which fail to state a claim that meets the basic pleading requirements of Federal Civil Rule 8.  They also assert the matters contained in the Complaint already have been decided by the Allen County Court of Common Pleas, and Plaintiff is therefore precluded from litigating his claims in federal court. Finally, Defendants argue Plaintiff failed to state a claim for denial of due process because he did not demonstrate the inadequacy of his available state law remedies.  Plaintiff opposes the Motion by re-stating the allegations in the Complaint (Doc. 9).

Plaintiff also filed a Motion for Reconsideration to Reverse and Dismiss the Foreclosure of the property located at 136 East High Street (Doc. 10).  Plaintiff contends the property was foreclosed on for delinquent property taxes which were discharged in the AMVETS bankruptcy through a default judgment against the Allen County Treasurer.  He asserts Judge Warren would not have denied his Motion to Void Foreclosure if he had been aware the taxes were discharged in bankruptcy.  Ultimately, Plaintiff contends the foreclosure was illegal and therefore should be voided.

4

## STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the court is to test the legal sufficiency of the complaint.  In scrutinizing a complaint, the court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and view the complaint in a light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

## ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

5

In general, federal courts have authority to hear a case only when it raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case as Plaintiff alleges both he and Defendants are citizens of Ohio. *See* 28 U.S.C. § 1332. If federal jurisdiction exists in this case, it must be premised on a federal question.

In determining whether a claim arises under federal law, the court looks only to the "well pleaded allegations of the complaint and ignore[s] potential defenses" defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows the court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue; (2) are completely preempted by federal law; or (3) are truly federal-law claims in disguise. *See City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. He cites only to 18 U.S.C. §§ 241 and 242 to support federal court jurisdiction. These are criminal statutes and do not provide a private right of action in a civil proceeding. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Plaintiff cannot rely on these statutes to establish federal court jurisdiction over this civil case.

Moreover, even if this Court were to construe very liberally Plaintiff's request that Defendants be enjoined from taking away his property without due process of law as asserting a cause of action under 42 U.S.C. § 1983 for denial of due process, he fails to state a claim upon which relief may be granted.  Plaintiff apparently filed this action in federal court hoping to re-litigate matters raised in the state court proceedings and achieve a different result.  This Court cannot proceed with such an action.

Federal courts must give the same preclusive effect to a state court judgment as that judgment receives in the rendering state.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).  To determine the preclusive effect the prior state court judgments would have on this present federal action, this Court must apply the law of preclusion of the State of Ohio.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  If Ohio courts would not entertain another action regarding the foreclosure, this Court is similarly barred from considering the matter.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion.  *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 391–92 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Onesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 61 (2007).  Claim preclusion also bars subsequent actions with claims that "could have been litigated in the previous suit." *Id.*  By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ.  *Id.*

7

Plaintiff was not a party to the foreclosure action in the Allen County Court of Common Pleas. He did, however, file two Motions to Stay the judgment in that action claiming the property had been transferred to him by AMVETS. Those Motions were denied. Plaintiff filed a civil action in an attempt to void the foreclosure judgment, and three Motions to Void the Foreclosure based on his argument that he owned the property. The court denied the Motions and dismissed the action.

Both claim preclusion and issue preclusion bar relitigation of the claims Plaintiff asserts in this Complaint. The parties in this action are the same as the parties in the foreclosure action and the civil action filed in the Allen County Court of Common Pleas. This Complaint concerns the validity of the foreclosure proceedings based on Plaintiff's assertion that AMVETS transferred the property to him during the foreclosure action. These allegations arise out of the same transactions that were the subject matter of both state court actions where his arguments were rejected. This Court must give full faith and credit to those state court judgments. Plaintiff is barred from relitigating those matters in this Court.

Finally, to the extent Plaintiff asks this Court to reverse the foreclosure judgment and enjoin its execution, this Court lacks jurisdiction to grant the relief Plaintiff requests. Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege the state court's action was unconstitutional. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Feldman*, 460 U.S. at 476. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party is barred from seeking what in substance would be appellate review of the state judgment by a federal district court, even if based on the claim that the state judgment itself violates federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994); *Tropf*

8

*v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936–37 (6th Cir. 2002).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

The Sixth Circuit has applied the Rooker-Feldman Doctrine in two categories of cases.  The first category is where the issue before the federal court is inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *Tropf*, 289 F.3d at 937.  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  *Catz*, 142 F.3d at 293.  The first category includes the case in which the losing party in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 859 (6th Cir. 2006).  In the second category, the Rooker-Feldman Doctrine precludes a district court's jurisdiction where the claim is that a law was invalidly or unconstitutionally applied in the party's particular case, as opposed to a general constitutional challenge to the state law applied in the state action.  *Tropf*, 289 F.3d at 937.

Here, Plaintiff's claims directly attack the state courts' decisions in the foreclosure action and in the subsequent civil action.  Plaintiff asks this Court to reverse the foreclosure judgments in the state court, claiming he was not served with the complaint and the judgment was illegal.  Any review of constitutional claims asserted in this context would require this Court to review the specific issues addressed in the state court proceedings.  This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested.  *Feldman*, 460 U.S. at 483–84 n.16; *Catz*, 142 F.3d at 293.

**CONCLUSION**

For the above reasons, Defendants' Motion to Dismiss (Doc. 6) pursuant to Federal Civil Rule 12(b)(6) is granted, and Plaintiff's Motion for Reconsideration to Reverse and Dismiss Foreclosure (Doc. 10) is denied.  This action is dismissed.  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 31, 2012